## TRICOU v. PHILIP H. SIZELER, Inc.

### No. 17229.

Court of Appeal of Louisiana. Orleans.
April 22, 1940.

Dudley Yoedicke, of New Orleans, for appellant.

Alden W. Muller, of New Orleans, for appellee.

**WESTERFIELD, Judge.**

This is a suit by a jewelry salesman against his employer, claiming $220.98, as a balance said to be due for salary and commissions. Kemp Tricou, the plaintiff, alleges that on December 17th, 1936, he was employed by Philip H. Sizeler, Inc., the defendant, as an apprentice at a salary of $10 per week plus 10 per cent commission on all sales, and that he worked on that basis until August 31st, 1937, when his salary was increased to $70 per month plus an allowance of $18, for the use of his automobile and a commission of 10 per cent on sales and 2 per cent on collections made by him; that he worked on that basis from September 1st, 1937, through July 16th, 1938, when his relations with defendant were terminated; that as of the date of October 31st, 1938 (this suit was filed November 30th, 1938) the defendant corporation owed him the sum of $220.98. The defendant answered, denying that it was indebted to petitioner in any amount and, assuming the character of plaintiff in reconvention, alleged that the plaintiff was indebted to it in the sum of $300, for cash advances made to the plaintiff in excess of what was due him.

There was judgment below in favor of plaintiff, awarding him the sum of $109.39, and dismissing defendant's reconventional demand. Defendant has appealed.

There is a stipulation in the record giving the net sales made by the plaintiff during the period from September, 1937, through July 16th, 1938, as $4,160.05, and also an admission that during that period plaintiff had received a total compensation of $1,275.15. Using these figures the trial court reached the figure of $109.39, as a result of the following calculations:—

| | |
|---|---:|
| 10% on net sales $4160.05....... | $ 416.00 |
| Salary 10½ months at $70.00.... | 735.00 |
| Automobile 10½ months at $18.00 | 189.00 |
| May 1938 2% collection......... | 19.66 |
| June 1938 2% collection........ | 17.63 |
| July 1938 2% collection........ | 7.25 |
| | $1,384.54 |
| Received ............... | 1,275.12 |
| Balance due ............. | 109.39 |

■ Defendant's counsel calls our attention to the fact that of the total sales made by plaintiff, $2,000 had been uncollected on July 16th, 1938, when plaintiff left its employ, and that since plaintiff, in his testimony, admits that the commissions were payable only when the collections were made, it is obvious that plaintiff has been given credit for a considerable sum not yet due. We find from the record that the defendant's contention is correct, since plaintiff several times admitted, in his testimony, that his commissions were to be paid only when the proceeds of the sales were collected. Moreover, in his petition, which was filed in November, 1938, we find that he has estimated the collections for the months of August, September and October, 1938, as being 13 per cent per month of the $2,000 outstanding or $260 per month, and has claimed 10 per cent commission on that sum for each month or $26, making a total for the three months of $78. Therefore, if we assume, though there is no proof in the record to that effect, that 13 per cent of the outstanding $2,000 was collected each month, and that the plaintiff is entitled to $78 for the three months, as claimed by him in his petition, there would still be outstanding $1,220, upon which the court, a qua, allowed 10 per cent commission. It is obvious, therefore, that the judgment is erroneous in that respect.

■ The reconventional demand is based upon the statement of the president of the defendant corporation that beginning February 1st, 1938, the compensation of plaintiff reverted to the original terms of $10 per week plus 10 per cent commissions on his sales, because of plaintiff's failure to sell $500 per month, as he is alleged to have agreed to do when his compensation was increased in September, 1937. The plaintiff, while admitting that he did agree to sell "approximately $500.00 per month" when the new arrangement was made, denied that his compensation was dependent upon his reaching that figure every month. We are inclined to believe that the defendant is correct and the plaintiff wrong in this contention, but we find that the defendant, as a matter of fact, did not reduce plaintiff's compensation, but continued to pay him the larger amount up to the time he left its employ. We conclude, therefore, that while the defendant might have reduced the plaintiff to his former compensation, it did not do so. Consequently, the reconventional demand must also be dismissed.

For the reasons assigned the judgment appealed from insofar as it runs in favor of the plaintiff is reversed and it is now or-

dered that plaintiff's suit be dismissed as in case of non-suit. In all other respects the judgment appealed from is affirmed.

Reversed in part; affirmed in part.